[967 NYS2d 850]

In the Matter of John P. Liberti, an Attorney, Respondent.
Grievance Committee of the Eighth Judicial District,
Petitioner.

Fourth Department, June 28, 2013

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Michael M. Mohun*, Cowlesville, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and maintains an office in Buffalo. The Grievance Committee filed a petition charging respondent with misconduct based upon his conviction, following a bench trial in Erie County Court (Pietruszka, J.), of assault in the third degree (Penal Law § 120.00 [1]). The petition additionally charged respondent with misconduct based upon his failure to pay personal income taxes and to file personal income tax returns for a six-year period. Although respondent filed an answer denying certain allegations with respect to the assault conviction, the parties subsequently executed a stipulation resolving all outstanding factual issues. Respondent thereafter appeared before this Court and submitted matters in mitigation.

In relation to the assault conviction, respondent admits that, in March 2010, while attending a concert in Buffalo, he confronted the victim of the assault after the victim had approached respondent's wife with the mistaken belief that she was holding the victim's coat. Respondent threw several punches at the victim, causing the victim to fall to the ground, which resulted in a severe fracture of his leg. In relation to the charge concerning personal income taxes, respondent admits that he failed to file state and federal personal income tax returns and failed to pay the related taxes for the years 2003 through 2008.

With respect to the assault conviction, we conclude that respondent has violated rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer. With respect to the personal income tax matters, we conclude that respondent has violated rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) and DR 1-102 (a) (7) of the former Disciplinary Rules of the Code of Professional Responsibility (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including

his statement that the misconduct occurred at a time when his judgment was affected by alcohol abuse, and that he has since successfully sought treatment. In addition, we have considered that respondent has filed all delinquent tax returns and has satisfied all state tax obligations. Finally, we have considered that the misconduct was unrelated to his practice of law. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.